On Rehearing.
BREAUX, O. J.
The cause is before us on rehearing, in which plaintiff contests the election of police juror of the Fifth ward of Avoyelles parish, held on the 16th day of April, 1912.
The plaintiff and the defendant were opposing candidates for the office at the first and second Democratic primaries held in February, 1912.
Laborde received the larger number of votes, and was declared the Democratic nominee, and his name was printed on the ticket voted at the general election.
1-Iis defeated opponent at the primaries received a majority of the votes at the general election, and was declared elected by the Commissioners.
[t] The propositions of defendant are that *444 a candidate at a primary is prohibited as a candidate, tinder the terms of section 27 of Act 49 of 1906, from opposing^the nominee at the general election, and that the prohibition also affects the voter, and puts an injunction upon his voting for a defeated candidate at the primary in opposition to the nominee.
The text of the cited section above in part reads:
“Nor shall he (the defeated candidate) be permitted to be himself a candidate in opposition to any one nominated at or through a primary election in which he took part.” (Parenthesis ours.)
The contestee may not have been a candidate. The office was of no importance. He may have been elected without much regard to whether or not he was a candidate. It does not follow because one is elected that he necessarily must have been a candidate.
Either the Encyclopedia Británica borrowed from the Century Dictionary or the Century from the Británica the definition of the ■ word “candidacy.” Among the several definitions are the following, to wit: “One who is selected by others for an office or place.” Or one who is “put forward by others for an office.”
But, whether one is a candidate or not the right of the citizen to vote is the rule. If he chooses to vote for a defeated candidate at the primary, unless the law is positive that he should not vote for such a candidate, he certainly should not be made to lose his vote. The prohibition contended for is not expressed in the statute. It might have been expressed in a very few words.
[2] We conclude that one who is defeated at a primary is still eligible to hold office, although he does not have the advantages gained by the successful candidate at the primary. The nominee has the right to have his name printed on the official ballot, a right denied to the defeated candidate who is also not permitted to sign a nomination paper for any opposing candidate. By his defeat he loses the support of his party, while the nominee is entitled to that supj port. If he or his supporters desire for any reason of their own to oppose the nominee and favor an independent, and run the great risk of defeat, it is after all only a right of citizenship. The citizen is given freedom to exercise his right of citizenship as he pleases, provided he violates no law.
[3] A construction that will result in disqualifying one from holding office who is selected by a majority of the electors, and which will further cast out a number of the votes of citizens, can only find support in clear expressions of the statute. There is no such statute. A contrary conclusion has for basis the merest inference. It must be borne in mind we have already found that the law in question has application only to primaries, and is not for the purpose of disfranchising voters. That was the conclusion reached in Labauve v. Michel, Secretary of State, 121 La. 374, 46 South. 430. The title of the Act of 1906 and the text certainly support the view that it was not the intention of the Legislature to adopt a law authorizing the casting out the ballots at the general election of those who chose to vote for a defeated candidate at the preceding primary.
The court of appeals, Judges Porter and Thompson, arrived at a substantially similar conclusion in a recent decision. The Supreme Court of Mississippi (Mayor v. State, 59 South. 873), citing a number of decisions, expressed views having bearing'upon the subject. See, also, Bowers v. Smith (Mo.) 17 S. W. 761. But to return for a moment to the nominated candidate, he certainly has many advantages, particularly in communities in which nearly every citizen is a member of the present dominant party *446 in Louisiana. Every one running against him is disadvantaged, and for that reason it is uncommon for any one to become a candidate in opposition. May it not well be that the lawmaking power gave itself very little concern about the disqualification which should follow a candidate who is not elected at the primary; that the expression used in the statute quoted above as held in the Labauve Case was never intended to have any such meaning as imputed to it by the appellant?
We are not of the opinion that the Legislature gave much thought to the subject, else the intention, or what the intention was, as appellant urges, would have been expressed in plain and direct terms. The citizen has freedom of choice between the candidate duly nominated and the one who carries the burden (which must be considerable) of running despite his defeat. The candidate is not to be envied, for it must be a serious undertaking unless the office is of no great importance, and for that reason no serious opposition of any kind is presented. The voter runs the chances of being numbered with the hopeless minority. It happens, strangely though, in this case, that the defeated candidate at the primary election was elected at the general election.
Since sometimes, we infer, the eontestee is in office, discharging the functions of his office, whatever may be thought of the expressions of the statute in regard to primaries and the asserted injunction to the defeated candidate not to run at the general election against his successful opponent in the primary, there is certainly no part of the statute which authorizes the court to declare vacant an office to which a candidate has received a majority of the legally cast votes. He has been elected and qualified, and has been for.some time discharging the functions of his office. Of the result of the election there is no doubt, and it is equally as certain that he is not disqualified from holding office by the expression not very clear before mentioned.
We have already stated that all that follows, in case of failure to obey the statute, his name is not to appear on the official ballot, he cannot sign nomination papers. But it includes nothing empowering the court to oust an elected officer on the grounds urged 'by the contestant.
We add in concluding that, while not the case in this instance, the voters who discover after nomination that an untrustworthy man has been nominated should have the right to vote for and elect another, at least until a statute is adopted to the contrary.
It is therefore ordered, adjudged, and decreed that the judgment heretofore rendered by this court be and the same is hereby avoided, annulled, and reversed. It is now ordered, adjudged, and decreed that the judgment of the district court be affirmed, and that appellant pay the costs of appeal.
PROVOSTY, J., dissents.